IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01176-RPM

MAYPORT VENTURE PARTNERS, LP,
THE ALLANT GROUP, INC.,
DAN AIKEN,
DAVID A. BRADLEY,
GRAUE MILL PARTNERS, LLC,
GERALD GRAUNKE,
LAWRENCE J. SPEH,
RICHARD GUELFI, and
JANET GUELFI,

      Plaintiffs,

v.

THE HENRY GROUP, LTD.,

      Defendant.

───────────────────────────────────────────────

**STIPULATED PROTECTIVE ORDER**
───────────────────────────────────────────────

**WHEREAS**, discovery and relief sought in this action by Plaintiffs Mayport Venture Partners, LP, The Allant Group, Inc., Dan Aiken, David A. Bradley, Graue Mill Partners, LLC, Gerald Graunke, Lawrence J. Speh, Richard Guelfi and Janet Guelfi (collectively, "Plaintiffs" or the "Noteholders") and Defendant The Henry Group, Ltd. ("Defendant" or "THG") (collectively "the Parties") may require the production of certain confidential, proprietary and/or sensitive information; and

**WHEREAS**, the Parties have agreed to the entry of this Order protecting the confidentiality of such information:

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that:

As used herein, "Confidential Information" means any documents or things, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for

admission, responses to subpoenas duces tecum, or other disclosure of information which is confidential, proprietary, business and/or commercial information and/or information defined as a trade secret under Colorado law. "Confidential Information" also includes, without limitation, any information that is required to be maintained as confidential by virtue of any law, regulation, court order or agreement, regardless of who owns the information.

As used herein, the "Opus Sale" shall refer to a sale pursuant to an agreement dated on or about December 15, 2003 (the "Agreement") between THG and Opus Interactive, Inc. ("Opus") pursuant to which Opus sold certain tangible and intellectual property related to Opus's business of building multi-channel consortium databases that are used in providing direct marketing lists.

As used herein, "Acxiom" shall refer to both Acxiom Equitec Holdings, Inc. and Acxiom Corporation.

All materials considered Confidential Information pursuant to this Stipulated Protective Order will have stamped or printed thereon "CONFIDENTIAL" in accordance with paragraph 7 of this Protective Order.

If any document or thing in the possession of a Party or someone other than a Party who may provide discovery in this litigation, or an answer to a question propounded in a deposition or other form of discovery, or other disclosure of information by a Party or someone other than a Party who may provide discovery in this litigation, is considered confidential and/or proprietary business or commercial information, or to embody confidential business or commercial information, the producing Party shall have the ability to have such information treated as "Confidential Information." The producing Party shall make such designation at the time the documents or information are produced, or within 30 days as described below. If, within 30 days of receiving or producing such documents, information or testimony, the producing Party

determines such document or information constitutes "Confidential Information," it shall accordingly mark them or not mark them, and shall inform the other Party if they have designated any documents, information, or testimony as "Confidential Information." If only certain pages, or portions of a page, of a document, information, or testimony satisfy the standard for "Confidential Information" under paragraphs 1 and 9, respectively, then only those pages, or portions of a page, shall be treated and designated as "Confidential Information" and the rest of the document, information, or testimony shall be produced with that information redacted. Any designation of a document, information, or testimony, or any pages or portions thereof, as "Confidential Information," and any redactions to any documents based on such designations, made pursuant to this paragraph may be challenged in accordance with the procedures delineated in paragraph 13 of this Stipulated Protective Order. Any documents, information, or testimony not marked as "Confidential Information" within 30 days of receipt shall no longer be deemed Confidential Information.

Confidential Information shall not be used or disclosed by any person or entity for any purposes other than this litigation, including any appeal.

Confidential Information from a Party or someone other than a Party shall be disclosed only to the following:

    (a)    Counsel for the Noteholders:

        Timmins LLC;

and counsel for THG:

        Sherman & Howard LLC and Hahn Loeser and Parks, LLP;

and their respective partners, associates and/or employees to whom Confidential Information is provided and to whom disclosure is

reasonably deemed necessary by said counsel for the conduct of this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Stipulated Protective Order.

(b)  Any Party (including all employees thereof); provided that a Party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation.

(c)  Any outside expert or outside consultant who is retained by a Party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance.

(d)  Any person other than experts or consultants whose testimony is taken or to be taken in this litigation, but only to the extent that such disclosure is necessary for the conduct of this litigation, and provided further that such person may be shown copies of documents containing Confidential Information only during his or her testimony or in preparation for said testimony and in consultation with counsel, and may not retain any such documents or copies, summaries or extracts thereof.

(e)  Any accountant, lawyer or consultant of any Party who worked on the Opus Sale or the Acxiom Sale to assist in the conduct of this litigation, but

4

only to the extent that such disclosure is reasonably deemed necessary by the Party's counsel for the performance of such assistance. Such accountants, lawyers or consultants may retain documents containing Confidential Information only so long as is necessary for his or her performance of such assistance.

(f) As to any person referred to in subparagraphs (b), (c), (d) or (e) above to whom Confidential Information may be shown, the attorneys of record shall inform each such person: <u>first</u>, that such Confidential Information to be disclosed is confidential, to be held in confidence, and to be used solely for the purpose of preparing for and presenting evidence in this litigation; and <u>second</u>, that these restrictions are imposed by a court order. In addition, as to any person referred to in subparagraphs (c), (d) or (e) above to whom Confidential Information may be shown, such attorney of record shall obtain from each such person a Confidentiality Agreement in the form attached hereto as Exhibit A.

(g) Court reporters while in the performance of their official duties.

(h) This Court or any other court to which any appeal of this litigation is taken.

Deposition testimony shall be considered Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter at the time of the deposition or within three (3) days of receiving the deposition transcript, noting the specific subject matter to be designated as Confidential Information. Within 14 days of receipt of the transcript of such deposition from the official court reporter, the attorney who designated testimony as Confidential Information by such written

statement shall furnish to the opposing counsel and the official court reporter the page and line numbers subject to the confidential designation referred to in the written statement.

No person shall make copies, extracts or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

Nothing in this Stipulated Protective Order shall be construed as a waiver by the Parties of their right to object to any request for discovery or of their right to designate any documents, information, or testimony that have been produced by a Party or someone other than a Party who may provide discovery in this litigation prior to the entry of this Stipulated Protective Order. This Stipulated Protective Order shall not be construed as an agreement by the Parties to produce any documents or to supply any information and shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this litigation or a waiver of any privilege or immunity with respect thereto. The Parties also reserve the right to seek further protective orders from the Court in connection with any documents and other information. The Parties also reserve the right to seek relief in Court to modify the terms of this Order. Nothing in this Order shall affect the ability of a Party to use its own Confidential Information.

Any designation of documents or information as "Confidential Information" by one Party, and any redactions made on the basis of such designations, may be challenged by another

Party. The Party making such challenge shall first consult with the other Party in an attempt to resolve the dispute. In the event the Parties are unable to resolve the dispute, the matter shall be submitted to the Court for a prompt resolution. In the event that a designation is challenged, the burden of proof is on the proponent of the designation of "Confidential Information." Pending such resolution by the Court, the information in question shall continue to be treated as Confidential Information in accordance with the provisions of this Stipulated Protective Order.

Within sixty (60) days after final termination of this litigation, counsel for each of the Parties shall return to the person or entity producing it, or certify in writing the destruction of, all Confidential Information in its possession or which was provided by such counsel to any other person pursuant to the terms of this Stipulated Protective Order.

All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order during and subsequent to the pendency of the litigation.

The Parties agree that Acxiom may designate documents and information as Confidential Information and such materials will be treated as if the Parties designated documents or information in the same manner.

DATED July 31st, 2008.

BY THE COURT:

s/Richard P. Matsch

_____

United States District Judge

AGREED TO BY THE PARTIES:

/s/ Gary L. Swingle                        /s/ Jeffrey A. Brauer
TIMMINS, LLC                           HAHN LOESER & PARKS LLP
Edward P. Timmins                      Royce R. Remington
Gary L. Swingle                            Jeffrey A. Brauer
W. Curtis Caywood IV                 200 Public Square, Suite 2800
1625 Broadway, Suite 300             Cleveland, Ohio 44114-2316
Denver, CO 80202                     216.621.0150
(303) 592-4500                           Fax: 216.241.2824
Fax: (303) 592-4515                    E-mail: rrremington@hahnlaw.com
E-mail: et@timminslaw.com             jabrauer@hahnlaw.com
        gs@timminslaw.com
        cc@timminslaw.com

**Attorneys for Plaintiffs**

SHERMAN & HOWARD LLC
Charlotte Wiessner
633 Seventeenth Street
Suite 3000
Denver, CO 80202-3624
(303) 299.8110
Fax: (303) 298.0940
E-mail: cwiessner@shermanhoward.com

**Attorneys for Defendant**